UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE DALON MARTELL DORRIS, Jr.

Plaintiff,

Case No. 4:26-cv-13704
Honorable F. Kay Behm

v.

VICTORIA JANOWIECKI,

Defendant.
______________________________/

**SECOND ORDER OF DEFICIENCY**

Plaintiff is a state inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff filed a civil rights complaint with this Court on September 29, 2026. On October 1, 2026, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the fifty five ($ 55.00)

administrative fee. (ECF No. 4). Plaintiff was given thirty days to comply with the order.

Plaintiff has now submitted an application to proceed without prepayment of fees. Plaintiff, however, only provided the Court with a computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for a period of time beginning on July 1, 2026 and ending on September 30, 2026. (ECF No. 6, PageID.17). The trust account statement is also not signed by any prison employee to certify the statement.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a

pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff's current trust fund statement is inadequate because it does not show the financial transactions in his prison trust account for the entire six month period immediately preceding the filing of the complaint on September 29, 2026, but instead begins on July 1, 2026 and ends on September 30, 2026, thus, covering only three months of the six month period prior to the filing of the current complaint. The current trust fund statement is inadequate to cure the deficiency because it does not contain a current and complete six-month computer printout of the deposits and withdrawals from Plaintiff's trust account. *See Dixon v. Hofbauer*, 53 F. App'x 313 (6th Cir. 2001). The current application is also insufficient to grant pauper status because it is uncertified. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins*, 99 F. App'x 208, 209-10 (10th Cir. 2004); *see also Moore v. Vantifflin*, No. 2009 WL 224548, *1 (E.D. Mich. Jan. 30, 2009).

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow a prisoner to correct a deficiency

with his pleadings. *See McGore v. Wrigglesworth,* 114 F.3 at 605. In lieu of dismissing the complaint, the Court grants Plaintiff an additional thirty days to correct the deficiency by filing a current and complete six-month computer printout of the deposits and withdrawals from Plaintiff's trust account that is certified by a prison employee. In the alternative, Plaintiff shall within this thirty day period pay the $ 350.00 filing fee plus the $ 55.00 administrative fee. If Plaintiff fails to either cure the filing deficiency or pay the filing fee plus the administrative fee in full within thirty days of this order, the case will be dismissed.

**SO ORDERED**.

Dated: November 18, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge